# THE CITY OF FORT WORTH v. L. W. CRAWFORD.

IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Appeal Bond.*—No exceptions to the general rule requiring parties appealing to this court to give bond, will be tolerated, other than those given expreasly by statute.

*Same—Municipal Corporation.*—If exemption from this rule is claimed by a municipal corporation under the provisions of the general incorporation law, the record must show that such corporation has "accepted the provisions" of such law, and is incorporated thereunder.

Appeal from Tarrant county.

There is a motion filed to dismiss this case, because the transcript contains no appeal bond.

The general rule is, in civil cases, that parties desiring to exercise the right of apdeal to this court; must execute a bond, within the time, and in the manner and form, prescribed by the Statute. (Rev. Stat. Art. 140; see also Texas Pleading and Practice; Sayles & Bassett, Sects. 1040–1040.)

To this general rule there are some exceptions, as in the case of administrators, guardians, etc. (Rev. Stat. Art. 1408.)

This court has always strictly enforced the general rule, tolerating no exceptions other than those expressly given in terms by the Statute. (Battle v. Howard, 13 Texas, 345; Peabody v. Marks, 25 Texas, 19; Guest v, Guest, 48 Texas, 210.)

Also, in some instances, by law, a pauper's affidavit may take the place of the appeal bond. (See Act of April 14th, 1879, p. 90; see allso, Rev. Stat., 1401.

This statute too, has been strictly construed. Its requirements must be complied with. (Hearne v. Prendergast, 3 Vol. Tex. Law Review, 369, Sup. Ct., Austin, Texas, 1884.)

It i4 here, however, insisted that incorporated cities and towns also constitute exceptions to this general rule, and, in support of this view of the subject, our attention has been called to Art. 499, Rev. Stat., p. 86.

This article forms a part of a general law providing for incorporation, under its provisions, of cities and towns. (Title 47, Rev. Stat., p. 38, *et seq.*)

It is there declared that it shall not be necessary for any city, accepting the provision of this title, (17) to give any bond etc., in any suit, etc. (Art. 499 p. 86, Rev. Stat.)

The act also provides how, and in what manner, such acceptance, by such municipal corporations, shall be had and evidenced. (Rev. Stat., Art. 340.)

It is also expressly provided therein that the provisions of the Title

under consideration, shall not apply to any city until said city has signified its acceptance of the provisions of this law. (Rev. Stat., Arts. 340 and 341).

There is nothing in the record before us from which we can know, or infer, that the appellant has ever "*accepted the provisions*" of this Title in question in relation to the Incorporation of Cities and Towns.

As a matter of fact we know that the appellant had a corporate existence before the passage of the law under consideration, permitting a certain class of Municipal Corporations to exercise the right of appeal, without giving bond.

There seems to be no such class in the General Law of 27th January, 1885, providing for the incorporation of Towns and Cities. (1 Pas. Dig. 88 ; Old and W. Dig. p. 433). Nor is there any such provisions in any previous act on the subject.

This clause on the subject of appeal without bond first appears in the act of March 15th, 1875, Sect. 151, 1, Gen. Laws of 1875, p. 113, (see, also, 2 vol. Pas. Dig. Art. 7780, *et seq.*, p. 1616 e. 1).

At least, no previous act on the subject containing such a provision, has been called to our attention, and we know of none.

We have judicial knowledge of the corporate existence of appellant as the county seat of Tarrant county, long anterior th that date.

The existence, too, of the appellant as a municipal corporation, and as such county seat, was disclosed to the court in the case of Walker v. Tarrant county, 20 Tex., 12–16, decided in 1857.

The appellant, teo, was duly and lawfully incorporated by a special act of the legislature, passed on February 17th, 1873, (special laws 1873, p. 47). Thir special act of incorporation is there declared to be a public act, of the existence of which all courts are required to take judicial cognizance. (See, also, The City of Fort Worth v. Davis, 57 Tex., 226).

In this law, no provision has been pointed out to us authorizing the appellant to prosecute appeals without giving bond, like other suitors.

It is possible a fact, that at some later period, since the enactment of the act of March 15th, 1875, or the passage of the Revised Statute in which the above named act of 1875, was incorporated, that the appellant surrendered its former charter of 1873, and was reorganized and reincorporated under the present law, providing for the incor-

poration of Cities and Towns. (See 57, Tex. R., p. 226). The record simply shows that the appellant is a municipal corporation.

The act of February 17th, 1873, above referred to, appears to be the law under which the appellant has a corporate existence and exercises its corporate powers. If as a matter of fact the appellant has reorganized under the act of 15th March, 1875, the record does not show it, and we can not take judicial cognizance of it as a fact.

For the want, therefore, of the necessary bond required by law, this appeal will be dismissed. The appellant, should it desire to do so, can still give bond and sue out a writ of error, and thus have the present judgment revised. West, A. J.